UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEY STAR PARTNERS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>INSIGNIA DISPOSAL SERVICES, LLC,<br><br>Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Key Star Partners, LLC ("Plaintiff" or "Key Star"), by and through its undersigned counsel, hereby alleges the following for its Complaint against Defendant Insignia Disposal Services, LLC ("Defendant" or "Insignia"):

## THE PARTIES

1. Plaintiff is a Texas limited liability company, with its principal place of business at 4100 Greenbriar, Suite 120/130, Stafford, Texas 77477. Its members are domiciled in Texas.

2. On information and belief, Defendant is a Pennsylvania limited liability company, having a principal place of business at 900 W. Valley Road, Suite 1000, Wayne, Pennsylvania 19087. On further information and belief, its members are domiciled in Pennsylvania.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and Plaintiff and Defendant are citizens of different states and are completely diverse from one another.

4. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because Defendant resides and performs business in this District, a substantial part of the events and acts and omissions causing the loss that is the subject of this action occurred in this District, and the parties agreed to venue in this District in connection with that certain Stock Purchase Agreement, which is the subject of this action.

**BACKGROUND**

5. This case involves the sale of Tire & Rubber, Inc. ("TRI"), a construction/demolition landfill and long-term tire waste storage facility located in Lewis County, West Virginia.

6. On or about March 31, 2021, Plaintiff and Defendant entered into a Stock Purchase Agreement (the "SPA", a copy of which is attached hereto as Exhibit "A"), pursuant to which Defendant purchased all shares of common stock of TRI for approximately $4,100,000.00, including up to $600,000.00 of "Earn-Out" payments based on the amount of construction, demolition, and tire waste received by TRI over the following year.

7. Accordingly, Plaintiff transferred all shares of TRI common stock to Defendant on September 3, 2021.

8. Pursuant to Section 2.04(b)(i) of the SPA, as modified by the parties' September 3, 2021 Side Letter Agreement ("Letter Agreement", a copy of which is attached hereto as

Exhibit "B"), Plaintiff was to receive the full $600,000.00 if TRI generated at least 24,250.59 tons of waste (the "Target Tonnage") between April 15, 2021 and April 15, 2022; or a *pro rata* portion of that amount if TRI generated less than the Target Tonnage. Ex. A at Section 2.04(b)(i)(D); Ex. B at 1.

9. Plaintiff was entitled to receive up to 50% of the Earn-Out payment for the *pro rata* portion of the Earn-Out Payment earned as of October 15, 2021 (the "Midterm Earn-Out Payment") and the remainder at the end of the Earn-Out period (the "Final Earn-Out Payment"). Ex. A at Section 2.04(b)(i)(B).

10. Section 2.04(b)(ii) of the SPA required Defendant to deliver Earn-Out Payments, along with an Earn-Out Schedule, setting forth the waste tonnage generated to date within thirty (30) days. Accordingly, Defendant was obligated to deliver the Midterm Earn-Out Payment and Earn-Out Schedule to Plaintiff by no later than November 14, 2021 and to deliver the Final Earn-Out Payment and Earn-Out Schedule to Plaintiff by no later than May 15, 2022.

11. Because TRI generated more than 50% of the Target Tonnage by October 15, 2021, Plaintiff was entitled to and received a Midterm Earn-Out Payment of $300,000.00.

12. On May 16, 2022, TRI sent the Final Earn-Out Schedule to Plaintiff, indicating that TRI had far exceeded the Target Tonnage and, in fact, received 37,454.03 tons of waste product as of the end of the end of March 2022. *See* Final Earn-Out Schedule, a copy of which is attached hereto as Exhibit "C".

13. Nonetheless, to date, Defendant has failed and refused to pay Plaintiff the remaining $300,000.00 of the Earn-Out Payment.

## COUNT I - BREACH OF CONTRACT

14. Paragraphs 1-13 above are hereby incorporated as if set forth herein in full.

15. The SPA is a valid and enforceable contract.

16. Pursuant to the SPA, Plaintiff agreed to transfer all shares of common TRI stock to Defendant and Defendant agreed to pay the full purchase price to Plaintiff, including the full Earn-Out Payment if TRI met the Tonnage Target by April 15, 2022.

17. Plaintiff fulfilled all of its obligations under the SPA and transferred all shares of common TRI stock to Defendant.

18. TRI met the Tonnage Target before April 15, 2022.

19. To date, Defendant has yet to pay Plaintiff the Final Earn-Out Payment.

20. By refusing to pay the Final Earn-Out Payment, Defendant breached the terms of the SPA.

21. Pursuant to the terms of the SPA, Plaintiff is entitled to recover its attorneys' fees and expenses incurred as a result of the Defendant's breach of its obligation under the SPA.

22. As a direct and proximate result of SPA's breach, Plaintiff has suffered damages in excess of $300,000.00, along with attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment in its favor and against Defendant on its claim and requests the following relief:

A. An award of compensatory damages, including the outstanding Final Earn-Out Payment of $300,000.00;

B. Attorney's fees and costs of suit;

C. An award of pre-judgment and post-judgment interest; and

D. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Michael D. Nord*
Michael D. Nord
Keith M. Lusby
Gebhardt & Smith LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
410-385-5028
mnord@gebsmith.com
klusby@gebsmith.com

*Counsel for Key Star Partners, LLC*